IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005,<br><br>     *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY,<br>245 Murray Lane SW<br>Washington, DC 20528,<br><br>KRISTI NOEM, in her official capacity as<br>Secretary of Department of Homeland Security<br>2707 Martin Luther King Jr. Ave. SE<br>Washington, DC 20528-0525,<br><br>MARCO A. RUBIO, in his official capacity as<br>Acting Archivist of the United States,<br>2201 C St. NW<br>Washington, DC 20520,<br><br>and<br><br>NATIONAL ARCHIVES AND RECORDS<br>ADMINISTRATION,<br>700 Pennsylvania Ave. NW<br>Washington, DC 20408,<br><br>     *Defendants*. | Case No. 1:25-cv-3699 |

**PLAINTIFF'S MOTION FOR PRESERVATION ORDER AND
PRELIMINARY INJUNCTION**

1

Plaintiff American Oversight respectfully moves, pursuant to the Court's inherent authority for part 1, and pursuant to Federal Rule of Civil Procedure 65(a) and the Administrative Procedure Act ("APA") parts 2–5, for a preliminary order requiring the following:

1. That Defendants Noem and Department of Homeland Security ("DHS") preserve all records that may be responsive to the six Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, requests that are the subject of this litigation, and promptly inform the Court whether all records that may be responsive to any of the FOIA requests at issue have been preserved to date;

2. That Defendant DHS cease implementing its policy of "not maintain[ing]" text message data generated after April 9, 2025, and, pending resolution of this litigation, re-adopt in full the electronic records retention policy approved by NARA on August 7, 2025, unless and until the Acting Archivist approves an alternate records management program that provides, as required under the Federal Records Act ("FRA"), "effective control[] over the creation and over the maintenance and use of records," 44 U.S.C. § 3102(1), and "establish[es] safeguards against the removal or loss of records," *id*. § 3105; and

3. That Defendants Noem and DHS, as required under 44 U.S.C. § 3106(a), notify Acting Archivist Rubio of the actual, impending, or threatened unlawful removal, defacing, alteration, corruption, deletion, erasure, or other destruction of records in the custody of the agency, and with the assistance of the Acting Archivist, initiate action through the Attorney General for the recovery of records that Noem knows or has reason to believe have been unlawfully removed from DHS;

4. That Defendants Rubio and NARA, as required under 44 U.S.C. § 3106(b), seek the assistance of the Attorney General to:

   a. initiate action for the recovery of records that Defendant Rubio knows or has reason to believe have been unlawfully removed from DHS;

   b. recover all text messages and related data "made or received" by DHS employees (including senior DHS officials) "in connection with the transaction of public business," 44 U.S.C. § 3301(a)(1)(A), that have been removed or destroyed or are at risk of removal or destruction; and

   c. prevent the actual, threatened, or impending removal or destruction of such messages and data; and

5. That Defendant Rubio notify Congress when that request has been made.

As detailed in its accompanying Memorandum in Support of Plaintiff's Motion for Preservation Order and Preliminary Injunction, American Oversight's motion satisfies each of the required elements for a preservation order and for preliminary injunctive relief.

**First,** a preservation order is appropriate because American Oversight is likely to succeed on the merits of its fifth claim for relief, that DHS has violated FOIA by failing to conduct a search "reasonably calculated to recover all relevant documents," namely text messages and records reflecting text messages, responsive to Plaintiff's FOIA requests, *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999), and on its sixth claim that DHS is thereby wrongfully withholding those records, *Rodriguez v. Dep't of Def.*, 236 F. Supp. 26, 34 (D.D.C. 2017) (intenral quotations omitted). Because there is strong evidence that those records are at risk of destruction, a preservation order is necessary and appropriate. DHS itself has repeatedly stated that "text message data generated after April 9, 2025, is no longer maintained." Compl. ¶¶ 31–33, Ex. A at

3. American Oversight's FOIA requests seek text messages and records reflecting text messages generated after April 9. An agency violates its FOIA obligations when it destroys or removes records responsive to a FOIA request. *See Chambers v. U.S. Dep't of Interior*, 568 F.3d 998, 1004 (D.C. Cir. 2009) ("[A]n agency is not shielded from liability if it intentionally transfers or destroys a document after it has been requested under FOIA."). And "'[f]ederal courts have the inherent power to issue orders preserving information relevant to the claims and defenses brought before them.'" *Am. Oversight v. U.S. Dep't of Gov't Efficiency*, No. 25-cv-00409-BAH, 2025 WL 993518, at *1 (D.D.C. Apr. 16, 2025) (granting plaintiff's motion for preservation order) (quoting *United States ex rel. Staggers v. Medtronic, Inc.,* No. 1:15-CV-392-TSC-RMM, 2022 WL 4078969, at *2 (D.D.C. Sept. 6, 2022)).

American Oversight is also likely to succeed on the merits of its first claim for relief under the FRA, that Defendants DHS and Noem have adopted an arbitrary and capricious recordkeeping program and failed to safeguard federal records, since DHS itself has stated:

- that it "no longer maintain[s]" "text message data generated after April 9, 2025," and is therefore "unable to conduct a search of text messages" transmitted after that date. Compl. ¶¶ 33, 41, ECF No. 1, and Ex. A at 3, Ex. B at 2, Haddix Decl. ¶ 6;
- that it is also "unable to locate" records *reflecting* such text messages, because it "no longer has the capability to conduct a search of text messages." Compl. ¶ 50, Ex. C at 1; Ex. D at 1; attached Ex. 1, Haddix Decl. ¶ 7; and
- that it "conducted a comprehensive search" for "memos to file" reflecting the content of text messages or messages on messaging platforms sent or received by Defendant Noem and seven DHS senior officials, but was "unable to locate or identify any responsive records." Compl. ¶ 69, Ex. E, Haddix Decl. ¶ 8.

3

Plaintiff is also likely to succeed on the merits of its second claim for relief under the FRA, that Defendants DHS and Noem failed to notify the Archivist of "actual, impending, or threatened unlawful removal, defacing, alteration, corruption, deletion, erasure, or other destruction of records," 44 U.S.C. § 3106(a), in DHS's custody, and "with the assistance of the Archivist[,] . . . initiate action through the Attorney General for the recovery of records" that Defendant Noem "knows or has reason to believe have been unlawfully removed from that agency," *id.*; and its third claim for relief, that Defendants Rubio and NARA have failed to initiate enforcement action through the Attorney General, as required under 44 U.S.C. § 3106(b), for the unlawful removal or destruction of text messages and related data generated after April 9, 2025, where:

- Plaintiff notified all Defendants on August 28, 2025, of the actual, impending, or threatened removal of the subject records from DHS custody, Compl. ¶¶ 100–104, Exs. F, G, H;

- On August 29, 2025, members of Congress also asked Defendant Rubio to initiate an investigation into whether Defendant Noem and other senior DHS officials may have willfully destroyed the subject records and not reported the destruction to NARA, Compl. ¶ 108; and

- A reasonable time has passed since those requests, yet there has been no response to Plaintiff from Defendants, nor is there any case for investigation of unauthorized disposition of text messages at DHS shown on NARA's website, *see id.* ¶ 105; Ex. 1 ¶¶ 9 – 10.

**Second**, American Oversight has shown it will suffer irreparable harm without preliminary relief because, according to Defendant DHS, records potentially responsive to Plaintiff's FOIA requests have been removed from DHS and may have been destroyed or are at risk of being

4

destroyed. *See* Haddix Decl.¶ 6, Compl. Exs. A at 3, B at 2. If such records are destroyed or otherwise not preserved, American Oversight will have no recourse and be irreparably harmed, as it is a non-partisan, nonprofit organization primarily engaged in disseminating information obtained through FOIA requests to the public and committed to ensuring transparency in government and promoting accountability for government officials. *See* Ex. 1 ¶ 3, Att. at 12 (relevant portion of the Transcript of Oral Argument in *Am. Oversight v. U.S. Dep't of Def.*, No. 24-cv-02789-PLF (D.D.C. Oct. 21, 2024), finding American Oversight is an organization primarily engaged in disseminating information); *see also, e.g., Am. First Legal Found. v. Becerra*, No. 24-1092-RC, 2024 WL 3741402, at *14 (D.D.C Aug. 9, 2024) (noting that "courts have recognized the irreparable nature of the government's failure to properly preserve records while litigation is pending") (citing *Citizens for Resp. & Ethics in Wash. ("CREW") v. Off. of Admin.*, 565 F. Supp. 2d 23, 29–30 (D.D.C. 2008) (noting irreparable harm if records are disposed of during litigation challenging the government's treatment of those records)); *CREW v. Exec. Off. of the President*, 587 F. Supp. 2d 48, 59–61 (D.D.C. 2008) (finding "real and immediate" harm to plaintiff where plaintiff alleged that "e-mails will be lost in the future" "unless adequate preservation guidelines are promulgated and a recordkeeping system implemented" (citation omitted)).

**Third**, neither a preservation order nor an order to comply with the FRA harms any legitimate government interests because:

    a) Defendant DHS suffers no hardship in complying with its duty to preserve and protect federal and/or agency records responsive to Plaintiff's FOIA requests and relevant to matters of ongoing litigation;

5

b) Defendants DHS and Noem suffer no hardship from complying with their statutory obligations to establish a records management program providing "effective control[] over the creation and . . . maintenance and use of records," 44 U.S.C. § 3102(1), that "establish[es] safeguards against the removal or loss of records," *id*. § 3105;

c) Defendants Rubio and NARA suffer no harm from complying with their statutory obligations to:

- take enforcement action to prevent Defendants DHS and Noem from removing or destroying records and to recover records that may have been destroyed or removed; and

- ask the Attorney General to initiate legal action as provided by 44 U.S.C. § 3106(b), with corresponding notice to Congress.

**Finally**, the public interest weighs in favor of granting preliminary relief because the FRA exists to protect the preservation of federal records to accurately and completely document federal government business, and the FOIA exists to make public records that belong to the American people available to the public. A preservation order merely maintains the status quo required under both the FRA and FOIA.

Plaintiff has attached Exhibits 1 and 2 in support of this Motion, as well as a Proposed Order.

American Oversight asks that the Court schedule a hearing on this Motion at the Court's earliest convenience.

Dated: October 20, 2025          Respectfully submitted,

/s/ *Elizabeth Haddix*
Elizabeth Haddix
D.C. Bar No. 90019750
Jessica Jensen
D.C. Bar No. 1048305
Daniel Martinez
D.C. Bar No. 90025922
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(252) 359-7424
Elizabeth.haddix@americanoversight.org

*Counsel for Plaintiff*