# EXHIBIT 1

# DECLARATION OF ELIZABETH HADDIX

I, ELIZABETH HADDIX, hereby declare as follows:

1. I am Senior Counsel at American Oversight and counsel of record in the above case. I make this declaration based on my personal knowledge, through consultation with my colleagues at American Oversight and a review of American Oversight's business records.

2. American Oversight is a non-partisan, nonprofit organization primarily engaged in disseminating information to the public and committed to ensuring transparency in government and promoting accountability for government officials. American Oversight's primary professional activity or occupation is information dissemination. *See* Attachment at 12 (relevant portion of the Transcript of Oral Argument in *Am. Oversight v. U.S. Dep't of Def.*, No. 24-cv-02789-PLF (D.D.C. Oct. 21, 2024) finding American Oversight is an organization primarily engaged in disseminating information)).

3. American Oversight analyzes the records it receives, creates explanatory and editorial content on the basis of its findings and highlights its findings for other media to ensure wide public dissemination. American Oversight also typically posts records it receives from public records requests for free public viewing on its website. American Oversight disseminates the information it receives to facilitate the American public's informed participation in government, including equipping the public with information it needs to effectively petition its representatives in Congress.

4. American Oversight intends to disseminate to the public the information it receives in response to the FOIA requests at issue in this litigation.

5. As described in the Complaint, ECF No. 1, since May 1, 2025, American Oversight has submitted fourteen (14) Freedom of Information Act (FOIA) Requests to Defendant

Department of Homeland Security (DHS) seeking, in whole or in part, text messages and messages using third-party platforms—as well as records reflecting such messages—transmitted by certain senior DHS officials regarding official government business.

6. With respect to two requests Plaintiff submitted in July 2025, for text messages and messages on third-party platforms transmitted by senior DHS officials, DHS has notified Plaintiff that because "text message data" generated after April 9, 2025, "is no longer maintained," DHS is unable to search for the requested records. Compl. ¶¶ 33, 41, Ex. A at 3, Ex. B at 2.

7. With respect to two additional requests Plaintiff submitted in August 2025, one that seeks text messages and messages on third-party platforms transmitted by DHS senior officials, and one that seeks "records reflecting" those messages, DHS has notified Plaintiff that it "no longer has the capability to conduct a search of text messages." Compl. ¶¶ 50, Exs. C and D.

8. As described at Compl. ¶¶ 60-62, 69-70, Exhibit E, with respect to a request American Oversight submitted in September 2025 seeking "memos to file" reflecting the content of text messages or messages on third-party platforms transmitted by certain senior DHS officials, DHS stated that it had "conducted a comprehensive search" for records responsive to but was "unable to locate or identify anyresponsive records."

9. As of the filing of this Declaration, American Oversight has not received any further correspondence from DHS nor any of the other defendants in this action, beyond that described in the Complaint, concerning the FOIA requests described in the Complaint.

10. As of the date of this Declaration, beyond those responses referenced in the Complaint, American Oversight has not received any records or final determinations responsive to the FOIA request described in the Complaint.

11.     American Oversight's ability to obtain public records on a prompt basis is crucial to its mission of ensuring transparency of government actions, promoting accountability of government officials, and disseminating information about government activities to the public. Prompt responses to public records requests and timely production of relevant documents are crucial to American Oversight's ability to fulfill its mission.

12.     American Oversight will be irreparably harmed if DHS is not preliminarily ordered to preserve all records potentially responsive to the six FOIA requests at issue in this litigation, as those records will likely be altered, lost or destroyed before any ultimate determination on the merits of Plaintiff's FOIA claims.

13.     American Oversight and the public will be irreparably harmed, now and in the future, if DHS and Defendant Noem do not preserve all text message data transmitted by DHS employees (including Defendant Noem and other senior officials) regarding official government business.

14.     American Oversight will also be irreparably harmed, now and in the future, if DHS and Defendant Noem do not undertake their statutory obligations to notify Acting Archivist Rubio of actual or threatened unlawful removal or destruction of text messages concerning government data and work with the Acting Archivist to initiate an action through the Attorney General for recovery of unlawfully removed text messages regarding official government business.

15.     American Oversight will further be irreparably harmed if NARA and Defendant Rubio do not initiate an action for recovery of unlawfully removed or destroyed text messages regarding official government business, or other redress, through the Attorney General.

16. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 20, 2025                 <u>*/s/Elizabeth Haddix*</u>
Elizabeth Haddix