IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:25-cv-03699 (TJK) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) |
| Defendants. | ) |

## JOINT STATUS REPORT

In the above-captioned case, plaintiff American Oversight alleges, *inter alia*, that defendant U.S. Department of Homeland Security, defendant Kristi Noem, in her official capacity as Secretary of Department of Homeland Security, defendant Marco Rubio, in his official capacity as Acting Archivist of the United States, and defendant National Archives and Records Administration (collectively "Defendants") have unlawfully failed to preserve and maintain text messages that qualify as "records" within the meaning of the Federal Records Act, 44 U.S.C. §§ 3101 *et seq*. Based at least in part on this alleged deficiency, Plaintiff sought a preliminary injunction and a preservation order from this Court. Pursuant to the Court's Minute Order dated October 21, 2022, the parties hereby represent as follows:

1. The parties have met and conferred in conformance with the Court's October 21st Minute Order, and in an effort to alleviate the need for emergency proceedings.

2. Defendants believe that Plaintiff's request for emergency relief is premised on misunderstandings and errors in Defendant's FOIA responses. Defendants have, through counsel, explained their position to Plaintiff. Defendants explained that

1

NARA-approved record keeping policies have been and continue to be in place. Defendants have agreed to provide Plaintiff with sworn declarations that will explain their policies and practices in greater detail, including correcting the erroneous information provided in their FOIA responses. The parties agree that Defendants will provide these declarations by October 30, 2025.

3. Upon receipt of these declarations, Plaintiff can ascertain whether it believes that emergency relief is still warranted, and if so, the parties can propose a schedule for briefing at that time.

4. With respect to Plaintiff's FOIA requests, Defendants have explained that searches have not been completed and cannot progress while there continues to be a lapse in appropriations. Defendants, through counsel, stated that preservation policies remain in place. Defendants also stated that they have no reason to believe that individual custodians, including those named in Plaintiffs' FOIA request, are not abiding by those policies. Plaintiff, through counsel, has stated its position that it expects the declarations to confirm that the individual custodians have been preserving and will continue to preserve records potentially responsive to Plaintiff's FOIA requests. Defendants' counsel has made clear that the forthcoming declarations will not address specific FOIA searches for responsive records, as these searches have been paused during the lapse in appropriations and will be conducted in the ordinary course once funding is restored.

5. The parties respectfully propose providing a further joint status report by November 5, 2025, in which the parties can advise the Court whether they believe that it is necessary for the parties to brief Plaintiff's request for a preliminary injunction, and if so, to

propose a briefing schedule.

Dated: October 22, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Lee Reeves*
LEE REEVES
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0773
Facsimile: (202) 616-8460
Lee.Reeves2@usdoj.gov

*Counsel for Defendants*

*/s/ Elizabeth Haddix*
Elizabeth Haddix
D.C. Bar No. 90019750
Jessica Jensen
D.C. Bar No. 1048305
Daniel Martinez
D.C. Bar No. 90025922
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(252) 359-7424
elizabeth.haddix@americanoversight.org
*Counsel for Plaintiff*