**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

AMERICAN OVERSIGHT,

      Plaintiff,

v.

DEPARTMENT OF HOMELAND
SECURITY, *et al.*,

      Defendants.

Civil Action No. 1:25-cv-3699

---

**DECLARATION OF WILLIAM FISCHER**

I, William Fischer, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. This declaration is based on my personal knowledge and information provided to me in my official capacity by others.

2. I am currently the Acting Chief Records Officer ("CRO") for the U.S. government, National Archives and Records Administration ("NARA"), a position I have held since July 15, 2024. Since January 12, 2025, I have concurrently served as NARA's Executive for Agency Services and Acting Director of the National Declassification Center. Prior to taking on these roles, I served in a variety of archival roles at NARA, including Director of the National Declassification Center from 2019 to 2025, Acting Director of the Information Security Oversight Office from 2023 to 2024, Senior Records Analyst from 2005 to 2008, and Archives Specialist from 1998 to 2005. In those positions I was responsible for overseeing the coordination and development of agency declassification processes and training; leading standardization and management of classified and controlled unclassified information; and supporting federal records and information management processes. Between 2008 and 2019, I

served in a number of records and information management positions at the Department of State, including Agency Records Officer, Chief of Declassification, and Deputy Director of the Office of Information Programs and Services. I hold a Bachelor of Arts degree in History from the University of Montana, a Master of Arts in History from Montana State University, and a Doctor of Philosophy in History from The Catholic University of America.

3.   In my present position as the Acting CRO, I lead records management throughout the federal government, with an emphasis on electronic records. I am responsible for issuing federal records management guidance; liaising with the Office of Management and Budget, the U.S. Congress, the U.S. Government Chief Information Officers Council, and other stakeholders on records management issues; and serving as an ombudsman between agencies and the Archivist to ensure that NARA and the federal agencies it serves meet their respective statutory mandates and records management requirements.

4.   NARA is an independent agency created in 1934 to identify, protect, preserve, and make publicly available the historically valuable records of all three branches of the federal government.  Among other responsibilities, NARA provides oversight of government-wide records management activities.  NARA is responsible for overseeing agencies' adequacy of documentation and records disposition programs and practices. NARA also establishes standards for the retention of records having continuing value (permanent records) and assists federal agencies in applying the standards to records in their custody.

5.   On August 26, 2025, NARA learned of media reports citing reports by Plaintiff alleging that Department of Homeland Security ("DHS") officials were unlawfully disposing of electronic federal records.

6.  In responding to these allegations, NARA followed its standard procedures for addressing allegations of the unlawful disposition of records, outlined at 36 C.F.R. §§ 1230.1-§ 1230.18.

7.  First, on August 27, 2025, NARA opened an Unauthorized Disposition (UD) case regarding the allegations and labeled it UD-2025-0113.

8.  That same day, NARA contacted DHS's Agency Records Officer (ARO) to discuss the allegations, pursuant to 36 C.F.R. § 1230.16(a).

9.  On September 3, 2025, in accordance with 36 C.F.R. § 1230.16(b), NARA sent the DHS ARO a letter requesting that DHS investigate the allegations and provide NARA with a report within 30 days containing the information, which is required by 36 C.F.R. § 1230.14:

> (a) A complete description of the records with volume and dates if known;
> (b) The office maintaining the records;
> (c) A statement of the exact circumstances surrounding the removal, defacing, alteration, or destruction of records;
> (d) A statement of the safeguards established to prevent further loss of documentation; and
> (e) When appropriate, details of the actions taken to salvage, retrieve, or reconstruct the records.

10. The report also asked clarifying questions.

11. A true and correct copy of the letter is attached as Exhibit A.

12. To the best of my knowledge, as of the date of this Declaration, NARA has not received a response to the letter.

13. I declare that the foregoing is true and correct to the best of my knowledge.

Dated: October 30, 2025.

_William Fischer_

_____
William Fischer
Acting Chief Records Officer for the U.S. Government
National Archives and Records Administration

College Park, Maryland

# EXHIBIT A



Office *of the* Chief
Records Officer *for the*
U.S. Government

*Sent Via Email. No Hard Copy to Follow.*

September 3, 2025

Michelle Thomas
Departmental Records Officer
Department of Homeland Security
301 7th Street SW
Washington, DC 20407

Dear Ms. Thomas:

The National Archives and Records Administration (NARA) has been made aware of an allegation regarding potential unauthorized disposition of records of the Department of Homeland Security (DHS). According to the allegation, text messages of DHS officials may be at risk of unauthorized destruction, or may have already been improperly handled. We are reaching out pursuant to 36 CFR 1230.16.

Per 36 CFR 1230.16 (a), NARA contacted DHS by phone on August 27, 2025, about this allegation and requested that DHS investigate the matter. NARA understands from our discussion that DHS previously used TeleMessage software to automatically capture text messages, but switched to manual capture sometime this Spring. You stated that despite the fact that DHS no longer uses TeleMessage, DHS is preserving and managing all text messages of senior officials in accordance with the Federal Records Act (FRA).

While NARA acknowledges the statements above, they appear to be in conflict with DHS's responses to American Oversight's FOIA requests. On July 23, 2025, DHS wrote that "text message data generated after April 9, 2025, is no longer maintained." On August 21, 2025, DHS submitted that it "no longer has the capability to conduct a search of text messages." If the statements are accurate, please explain how DHS's record retention policies for text messages meet the requirements of the FRA, including 36 CFR § 1222.26, which requires that DHS "capture, manage, and preserve electronic records with appropriate metadata" and that it "be able to access and retrieve electronic records, including electronic messages, through electronic searches." Electronic records retention and capture can be challenging. If you have questions about how to ensure that your policies meet these requirements, please let us know, and we will be happy to offer additional guidance.

If it is determined that an unauthorized disposition of records has occurred, please provide the following information, in accordance with 36 CFR § 1230.14:

- A complete description of the records (and disposition authority number) with volume and dates if known;
- The office maintaining the records;
- A statement of the exact circumstances surrounding the removal, defacing, alteration, or destruction of records;
- A statement of the safeguards established to prevent further loss of documentation; and
- Details of the actions taken to salvage, retrieve, or reconstruct the records.

If DHS determines that no unauthorized disposition has occurred, please inform NARA within 30 calendar days of the date of this letter in accordance with 36 CFR 1230.16. I appreciate your attention to this matter. If you have any questions or wish to discuss this further, please contact the Records Management Oversight and Reporting Program by email at UnauthorizedDisposition@nara.gov.

Sincerely,

WILLIAM FISCHER
Chief Records Officer
for the U.S. Government (Acting)