UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN OVERSIGHT<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, MARCO A. RUBIO, and NATIONAL ARCHIVES AND RECORDS ADMINISTRATION<br><br>Defendants. | Case No. 25-cv-03699 |

### DECLARATION OF CATRINA M. PAVLIK-KEENAN

**I.   INTRODUCTION**

I, Catrina M. Pavlik-Keenan, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Deputy Chief Freedom of Information Act ("FOIA") Officer for the Department of Homeland Security ("DHS") Privacy Office ("Privacy Office" or "DHS-PRIV").

2. In this capacity, I am the DHS official responsible for implementing FOIA policy across DHS and responding to requests for records under FOIA, 5 U.S.C. § 552, the Privacy Act, 5 U.S.C. § 552a, and other applicable records access provisions. I have been employed by the DHS Privacy Office in this capacity since July 4, 2021. Prior to holding that position, I worked for approximately four years in the FOIA office at the Transportation Security Administration—first as a Supervisory FOIA Analyst, then as Deputy Director for two years, and finally as Director.

1

3. The statements contained in this declaration are based upon my personal knowledge, my review of the documents kept by the DHS-PRIV in the ordinary course of business, and information provided to me by other DHS Headquarters ("DHS-HQ") employees in the course of my official duties.

4. Through the exercise of my official duties, I am familiar with DHS-PRIV's receipt and handling of six (6) FOIA requests, dated July 2, 2025, August 21, 2025, and September 5, 2025, submitted by American Oversight and the steps taken to respond to the FOIA Requests. I am also familiar with the preservation policies in effect at DHS.

5. The statements contained in this declaration are based upon my personal knowledge, my review of records kept by DHS PRIV in the ordinary course of business, and information provided to me by other DHS PRIV employees in the course of my official duties.

6. This declaration provides a description of DHS PRIV's search in response to Plaintiffs' FOIA requests numbered 2025-HQFO-05367, 2025-HQFO-05951, 2025-HQFO-05952, 2025-HQFO-06105, 2025-HQFO-06107, and 2025-HQFO-06111.

II. **PROCEDURAL HISTORY OF THE PLAINTIFF'S FOIA REQUESTS**

7. The FOIA Requests, which were dated and received July 2, 2025, August 21, 2025, and September 5, 2025, were sent via Secure Release and assigned numbers 2025-HQFO-05367, 2025-HQFO-05951, 2025-HQFO-05952, 2025-HQFO-06105, 2025-HQFO-06107, and 2025-HQFO-06111. Paragraphs 8-13 below describe the requests made, as drafted by Plaintiff, and Paragraphs 14-19 describe DHS' searches in response to each request.

    8.    <u>FOIA Request 2025-HQFO-05367</u>

(1) All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) between (a) any of the officials listed below, and/or anyone communicating on their behalf, such as a chief of staff, secretary, assistant, advisor, or scheduler, and (b) any of the external entities listed below (including listed domains).
    Department of Homeland Security Officials:
        i.    Kristi Noem, Secretary
        ii.    Troy Edgar, Deputy Secretary
        iii.    Andrew Whitaker, Executive Secretary
        iv.    Joseph Mazzara, Acting General Counsel
        v.    Rob Law, Senior Advisor
        vi.    Tony Pham, Senior Advisor
        vii.    Philip Hegseth, Senior Advisor
        viii.    Corey Lewandowski, Special Government Employee
        ix.    Anyone serving as Chief of Staff
    External Entities:
        a.    Los Angeles Mayor's Office (lacity.org)
        b.    City of Paramount, California (paramountcity.com)
        c.    California Governor's Office (gov.ca.gov)
        d.    White House Office (who.eop.gov)

(2) All text messages (including complete text message threads or conversations) or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, Mattermost, Wickr, WhatsApp, Telegram, or Parler) between (a) any of the officials listed above in part 1 and (b) any of the external individuals or entities listed below.
    External Entities and Individuals:
        a.    Anyone communicating from the White House Office
        b.    Anyone communicating from the California Governor's Office
        c.    Gavin Newsom
        d.    Nathan Barankin
        e.    Thomas "Tom" Homan

(3) All email communications (including emails, email attachments, complete email chains, calendar invitations, and calendar invitation attachments) sent by any of the officials above in part 1 and containing any of the <u>key terms</u> listed here: Cal; California; CA; CMD; CNG; CAARNG; Marine(s); USMC; anti-ICE; protest(or)(s); antifa; rebellion; insurrection; "Posse Comitatus"; "Los Angeles"; LA; Bass; Newsom; or Newscum)

(4) All text messages (including complete text message threads or conversations) or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp,

Telegram, Mattermost, Wickr, or Parler) sent or received by any of the officials listed above in part 1 and containing any of the key terms listed above in part 3.

Timeframe June 10, 2025, through June 17, 2025.

9.    <u>FOIA Request 2025-HQFO-05951</u>

(1) Records reflecting all text messages or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such as those listed or otherwise borrow its technology) sent or received by the DHS officials listed below regarding official government business, and subsequently captured, retained, or preserved on official DHS systems.
   Department of Homeland Security Officials:
   - i.   Kristi Noem, Secretary
   - ii.  Troy Edgar, Deputy Secretary
   - iii. Andrew Whitaker, Executive Secretary
   - iv.  Joseph Mazzara, Acting General Counsel
   - v.   Rob Law, Senior Advisor
   - vi.  Tony Pham, Senior Advisor
   - vii. Philip Hegseth, Senior Advisor
   - viii. Corey Lewandowski, Special Government Employee
   - ix.  Anyone serving as Chief of Staff

Timeframe July 1, 2025, through July 31, 2025.

10.   <u>FOIA Request 2025-HQFO-05952</u>

(1) All text messages or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such as those listed or otherwise borrow its technology) sent or received by the DHS officials listed below regarding official government business.
   Department of Homeland Security Officials:
   - i.   Kristi Noem, Secretary
   - ii.  Troy Edgar, Deputy Secretary
   - iii. Andrew Whitaker, Executive Secretary
   - iv.  Joseph Mazzara, Acting General Counsel
   - v.   Rob Law, Senior Advisor

      vi.     Tony Pham, Senior Advisor
      vii.    Philip Hegseth, Senior Advisor
      viii.   Corey Lewandowski, Special Government Employee
      ix.     Anyone serving as Chief of Staff

Timeframe July 1, 2025, through July 31, 2025.

11.     <u>FOIA Request 2025-HQFO-06105</u>

(1) All "memos to file" reflecting the content of text messages or messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such as those listed or otherwise borrow its technology) sent or received by the DHS officials listed below.

    Department of Homeland Security Officials:
      i.      Kristi Noem, Secretary
      ii.     Troy Edgar, Deputy Secretary
      iii.    Andrew Whitaker, Executive Secretary
      iv.    Joseph Mazzara, Acting General Counsel
      v.      Rob Law, Senior Advisor
      vi.     Tony Pham, Senior Advisor
      vii.    Philip Hegseth, Senior Advisor
      viii.   Corey Lewandowski, Special Government Employee
      ix.     Anyone serving as Chief of Staff

Timeframe April 10, 2025, through September 4, 2025.

12.     <u>FOIA Request 2025-HQFO-06107</u>

(1) Records reflecting all text messages and messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such as those listed or otherwise borrow its technology) sent or received by the DHS officials listed below regarding official government business, and subsequently captured, retained, or preserved on official DHS systems. Capturing, retaining, and/or preserving messages includes, but is not limited to, any messages forwarded, copied and pasted, screenshotted, documented in a memo to file, or otherwise documented in another form.

    Department of Homeland Security Officials:
      i.      Kristi Noem, Secretary

    ii.    Troy Edgar, Deputy Secretary
    iii.   Andrew Whitaker, Executive Secretary
    iv.   Joseph Mazzara, Acting General Counsel
    v.    Rob Law, Senior Advisor
    vi.   Tony Pham, Senior Advisor
    vii.  Philip Hegseth, Senior Advisor
    viii. Corey Lewandowski, Special Government Employee
    ix.   Anyone serving as Chief of Staff

Timeframe August 1, 2025, through August 31, 2025.

13. **FOIA Request 2025-HQFO-06111**

(1) All text messages (including complete text message threads or conversations) and messages on messaging platforms (such as Signal, Slack, GChat or Google Hangouts, Lync, Skype, X (formerly Twitter) direct messages, Facebook messages, WhatsApp, Telegram, Parler, Mattermost, Wickr, TeleMessage, TM SGNL, or any app that can interface with an app such as those listed or otherwise borrow its technology) sent or received by any of the DHS officials listed below and containing any of the key terms listed below.

    Department of Homeland Security Officials:
    i.    Roman Jankowski, Chief Privacy Officer and Chief Freedom of Information Officer
    ii.   James Holzer, Deputy Chief Privacy Officer
    iii.  Catrina Pavlik-Keenan, Deputy Chief Freedom of Information Act Officer
    iv.  Jimmy Wolfrey, Senior Director, FOIA Operations and Management
    v.   Eric Neuschaefer, Senior Director, FOIA Litigation and Policy
    vi.  Korrina Stewart, Acting Public Liaison, Privacy Office
    vii. Anyone serving as Chief of Staff or Senior Advisor to the Chief Privacy Officer or Chief Freedom of Information Officer

Key Terms: Signal; Signalgate; WhatsApp; "Whats App"; TeleMessage; "Tele Message"; TMSGNL; "TM SGNL"; text(s); "Alien Enemies"; "Alien Enemy"; AEA; CECOT; Bukele; TdA; "Tren de Aragua"; "court order"; Bove; Kilmar; Abrego; KAG; JGG; J.G.G.; "El Salvador"; "administrative error"; TRO; "restraining order"; "minute order"

Timeframe August 1, 2025, through August 31, 2025.

14. With regard to 2025-HQFO-05367, which PRIV received on July 2, 2025, and acknowledged on July 24, 2025, PRIV sent a search tasker on July 25, 2025, to OCIO for items

no. 1 and 3 of Plaintiff's request for email communications. On August 11, 2025, OCIO completed their search and returned their results back to PRIV. PRIV identified 962 pages of records responsive to those items. PRIV sent a search tasker to OCIO for item no. 2 of the request (i.e., text messages or messages sent electronically on messaging platforms, collectively referred hereinafter as "electronic messages") on August 27, 2025, and are awaiting results (i.e., contacted the records custodian to determine whether they have responsive records).

       15.      With regard to FOIA Requests 2025-HQFO-05951 and 2025-HQFO-05952, which PRIV received on August 21, 2025, PRIV asked OCIO on that same date whether it could search for electronic messages. OCIO indicated to PRIV that due to the Department no longer using Telemessage (*see* Michael Weissman, DHS OCIO, Declaration, for background on Telemessage), which auto-archived electronic messages, it could not search for those records. Based on that representation, on August 21, 2025, PRIV acknowledged both requests and also provided its final responses indicating to Plaintiff -- mistakenly -- that it was unable to locate or identify any responsive records as DHS no longer had the capability to conduct a search of electronic messages. After further review, PRIV acknowledged that OCIO could still conduct searches for electronic messages consistent with existing DHS records management policy, which requires custodians to manually save screen shots of electronic messages that contain federal records to DHS systems. *See* Weissman Declaration. Thus, on August 25, 2025, to identify messages in which custodians sent themselves screenshots for preservation, PRIV sent a subsequent search tasker to OCIO asking them to search for any emails in which the custodian appeared on both the "to" and "from" line during the time frame of the request. On September 8,

2025, OCIO indicated to PRIV that it found no responsive records to either requests. The Plaintiff appealed PRIV's initial determinations on August 25, 2025, for FOIA Requests 2025-HQFO-05951 and 2025-HQFO-05952. PRIV acknowledged the appeal on September 5, 2025, and assigned it a single appeal number, 2025-HQAP-00622. The appeal was adjudicated on September 17, 2025, and the requests were remanded back to PRIV to reprocess. PRIV acknowledged the remanded requests on September 17, 2025, and assigned a new consolidated FOIA Request number, 2025-HQFO-06352. On that same date, PRIV sent a new search tasker to OCIO Exec Sec asking OCIO to conduct a new search by contacting the records custodians directly to determine whether they have responsive records. That search is in progress.

16. With regard to FOIA Request 2025-HQFO-06105, PRIV received the request on September 5, 2025, and acknowledged the request on September 8, 2025. On September 22, 2025, PRIV inquired with DHS Headquarters Executive Secretary (HQ Exec Sec) whether any memos to file exist. HQ Exec Sec responded that there were no responsive records. On September 24, 2025, PRIV issued a final response to Plaintiff indicating no responsive records were found. However, PRIV plans to ask OCIO to conduct a supplemental search for any responsive records (i.e., contact the records custodians to determine whether they have responsive records).

17. With regard to FOIA Request 2025-HQFO-06107, PRIV received the request on September 5, 2025, and acknowledged the request on September 17, 2025. On September 17, 2025, PRIV sent a search tasker to OCIO to ask OCIO to contact the records custodians to determine whether they have responsive records. That search is in progress.

18.     With regard to FOIA Request 2025-HQFO-06111, PRIV received the request on September 5, 2025, and acknowledged the request on September 8, 2025. On September 16, 2025, PRIV sent a search tasker to OCIO to ask OCIO to contact the records custodians to determine whether they have responsive records. That search is still in progress.

### III.    PRIV PROCESS FOR SEARCHING FOR ELECTRONIC MESSAGES IN RESPONSE TO FOIA REQUESTS

19.     Generally, when a FOIA request for electronic messages is received, PRIV sends a request to OCIO to retrieve potentially responsive records. During the deployment of TeleMessage, OCIO could electronically retrieve SMS texts, Signal messages, and WhatsApp messages, if requested and responsive to the request. Since April 9, 2025, however, DHS terminated its use of TeleMessage because of cybersecurity concerns. Accordingly, these types of electronic messages are no longer automatically archived. In reviewing FOIA Requests 2025-HQFO-05951 and 2025-HQFO-05952, a member of the PRIV intake team interpreted that to mean that DHS no longer had the capability to conduct a search of electronic messages. That conclusion was mistaken. As described in paragraph 15, pursuant to Plaintiff's appeal and the appeal decision to remand back to PRIV, PRIV acknowledged the mistake and assigned a new consolidated FOIA Request number, 2025-HQFO-06352, on September 17, 2025, and is currently reprocessing the initial requests.

20.     As described in Weismann's declaration, DHS records management policies require employees to screenshot all electronic messages that constitute federal records and forward them to their work email addresses. Employees are required to save a copy of those screenshots to

their Shared Drive folders. Once those messages have been saved within an employee's email as well as on their Shared Drive folders, OCIO can conduct a search of the records custodian's emails and Shared Drive using key words and time frames. Throughout this time, DHS policy for archiving Capstone official records has been consistent with National Archive and Record Administration ("NARA") General Record Schedule 6.1: Email and Other Electronic Messages Managed under a Capstone Approach. Additional information regarding DHS' compliance with NARA-approved records schedules can be found in Weissman's declaration.

21. In addition to the Shared Drive folder search, OCIO may reach out directly to individual records custodians to identify whether they have any responsive records. In addition, when a senior DHS official (e.g., Secretary of Homeland Security) or an employee is unable to download the records themselves, OCIO is also able to archive these types of electronic messages from an employee device using its forensic tools and then search for any message responsive to FOIA requests. OCIO is conducting this type of search for Plaintiff's FOIA requests that are currently in progress, as identified above. Unfortunately, this effort has been delayed due to a lapse in appropriations and the logistical complexity of retrieving the phones of high-level DHS senior officials like the Secretary and Deputy Secretary who are often on official travel and require the use of their phones; notwithstanding those challenges, their phones are configured to retain any messages that are later deemed to be federal records and responsive to the request. For non-senior DHS officials, DHS Privacy may also reach out directly to the records custodian to determine if they have responsive records.

22.	Although DHS is working to identify new, secure, technical solutions to allow automated archiving of electronic messages, DHS has always maintained Department-wide policies to ensure that all federal records are preserved, including those sent by electronic message. As described above, PRIV has worked with OCIO to retrieve those electronic messages that contain federal records and that are potentially responsive to FOIA requests.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Signed this 30th day of October 2025.

_____
Catrina M. Pavlik-Keenan
Deputy Chief FOIA Officer
Privacy Office
U.S. Department of Homeland Security