IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, MARCO A. RUBIO, and NATIONAL ARCHIVES AND RECORDS ADMINISTRATION<br><br>Defendants. | Case No. 25-cv-03699 |

### DECLARATION OF MICHAEL WEISSMAN
### U.S. DEPARTMENT OF HOMELAND SECURITY

I, Michael Weissman, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and documents and information made known or available to me from official records and reasonably relied upon in the course of my employment, hereby declare as follows:

1. I am the Executive Director of the Chief Data Officer Directorate ("CDOD") within the Office of the Chief Information Officer ("OCIO") for the U.S. Department of Homeland Security ("DHS" or "Department"). I am also the Chief Data Officer for DHS. I have held both positions since October 22, 2023.

2. The Management Directorate for DHS is the central administrative support function that enables the Department to achieve its missions.[1] The Management Directorate includes the Office of the Chief Financial Officer, the Office of the Chief Human Capital

---

[1] https://www.dhs.gov/management-directorate

1

Officer, and so forth. Most notably, for purposes of this Declaration, the Management Directorate includes OCIO. OCIO is responsible for implementing the programs necessary to align DHS' Information Technology personnel, resources, and assets.[2] The CDOD leads the DHS' efforts to secure, manage, share, and create a common language for data within the Department's 22 components and headquarters. We evaluate current status, identify solutions, and support evidence-based policy making decisions in accordance with the Evidence Act. DHS' records management responsibilities are also housed within CDOD, in the Records and Information Management Division. Michelle Thomas, Departmental Records Officer, leads this division and reports to me. The office is responsible for records management training for new, current, and departing employees; managing departmental records control schedules; and other records management responsibilities.

3.    Based on my position, I am familiar with the Department's policies on records management and the efforts of Department headquarters personnel to preserve electronic messages (i.e., text messages or messages sent on messaging platforms, collectively referred as "electronic messages"). DHS policy requires the retention of all electronic federal records, as required by law. The way technology is used by DHS to preserve federal records, including electronic messages, however, has changed, which led to the misunderstanding about how the Department preserves electronic messages and the erroneous information provided to Plaintiffs in response to the Freedom of Information Act (FOIA) requests that are the subject of this Complaint. I provide below a comprehensive and chronological overview of DHS' policies for records management.

---

[2] https://www.dhs.gov/office-chief-information-officer

## DHS POLICY ON RECORDS MANAGEMENT

4. The Department of Homeland Security (DHS) has established a comprehensive framework for the preservation of electronic records through three interrelated policies: DHS Directive 141-01, "Records and Information Management" (August 11, 2014, certified current September 26, 2019) (Exhibit A); DHS Instruction 141-01-001.1, "Records and Information Management" (June 8, 2017, incorporating Change 1, September 9, 2019) (Exhibit B); and DHS Policy Directive Memorandum 141-03, "Electronic Records Management Updates for Chat, Text, and Instant Messaging" (February 23, 2018) (Exhibit C). There are also separate policies related to email management, which are not further discussed here (DHS Directive 142-03 and Instruction 142-03-001) as they are not applicable to the issues in this case. Together, these policies ensure that DHS employees comply with the Federal Records Act and National Archives and Records Administration (NARA) guidance on the creation, preservation, and disposition of federal records, including electronic messages.

5. DHS Directive 141-01 establishes the foundational policies for the Department's Records and Information Management (RIM) Program. It applies to all records created, collected, processed, used, stored, and/or destroyed by DHS, regardless of medium, lifecycle stage, or environment. The directive defines records broadly, including all recorded information made or received by DHS in connection with public business and preserved as evidence of the Department's activities. DHS Instruction 141-01-001.1 builds on the general framework established by DHS Directive 141-01 by providing detailed implementation guidance for the Department's RIM Program.

6. DHS Policy Directive 141-03 provides specific guidance for managing electronic records created through chat, text, and instant messaging platforms. It emphasizes

that substantive communications related to agency business, policies, and activities conducted via these platforms that qualify as federal records must be preserved. This directive references and builds off the guidance in 141-01 and 141-01-001 to make clear to DHS employees that their record responsibilities extend to electronic messaging.

7. In 2023, the National Archives and Records Administration ("NARA") established criteria for electronic messages managed under a Capstone approach. Agencies were given the opportunity to adopt this approach rather than rely on existing records retention schedules. Under Capstone, retention periods are determined by the role or position of the individual, rather than by the content of each message. Agencies that choose to implement the Capstone approach for electronic messages use the General Records Schedule (GRS) 6.1, Email and other Electronic Messages Managed Under a Capstone Approach disposition authority. Agencies using Capstone GRS 6.1 must submit NARA form NA-1005 (Verification for Implementing GRS 6.1). DHS elected to follow the Capstone approach and submitted NA-1005 to NARA for approval on September 19, 2023. NARA approved the form on August 7, 2025. However, DHS had already been complying with the Capstone approach (i.e., preserving all communications for Capstone officials), prior to the submission in September 2023.

8. The Deputy Chief Information Officer, Chris Bartz, on February 20, 2025, sent a Department-wide email to employees reminding them of their records management responsibilities as employees (Exhibit D). This email included two attachments: (1) A step-by-step guide on how to preserve texts on iOS (Exhibit E) and (2) DHS EM Form 210, "Electronic Messaging Retention and Attestation" (March 2023) (Exhibit F).

9. DHS Form EM 210 provides step-by-step instructions for assessing, capturing, and preserving electronic messages that qualify as federal records. It includes a checklist to help

employees determine whether a message qualifies as a federal record (e.g., if it documents decisions, actions, or agency business) and detailed instructions for saving screenshots of messages, emailing them to a government account, and archiving them in a shared drive folder. DHS Form EM 210 serves as a practical tool for ensuring compliance with DHS policies on records retention and preservation. It complements the overarching framework by providing specific guidance and accountability measures for the retention of electronic messaging records, including text messages, messaging applications, and social media messaging. The form ensures that employees understand their obligations under the Federal Records Act and DHS policies.

10. In addition to DHS EM Form 210 and step-by-step guides on how to preserve electronic messages on iOS and Android, DHS also has provided guidance on archiving WhatsApp conversations for iOS (Exhibit G) and Android (Exhibit H). Furthermore, on April 7, 2025, the Chief Information Officer (CIO) sent a Department-wide message to DHS employees on their responsibilities to preserve work-related communications and records transmitted on Signal, which is a DHS-approved application on government devices (Exhibit I). The CIO reminded employees they can preserve such messages by taking screenshots and sending those screenshots to their DHS email or forwarding them to their work device.

11. DHS mandatory records management training reminds employees annually of their obligation to preserve all federal records, including electronic records. The mandatory training has a section stating that, "Departmental guidance requires all employees to acknowledge their responsibility to preserve electronic messages meeting the definition of a federal record by using DHS Form EM 210, or your component's equivalent form." Employees are required to acknowledge and certify this requirement in the training in order to proceed. (Exhibit J).

TECHNOLOGIES USED TO PRESERVE ELECTRONIC MESSAGES

12.     From September 29, 2023, to April 9, 2025, DHS deployed third-party TeleMessage software to archive SMS texts, Signal messages, and WhatsApp messages for select DHS employees, mostly "Capstone" officials, which include senior officials.  DHS employees whose communications were not covered by the TeleMessage system were still obligated to manually archive their messages. Although the TeleMessage software reduced the burden on these officials to manually archive messages, and made it easier for the Department to respond to FOIA and discovery requests for these messages, DHS disabled TeleMessage in April 2025 due to cybersecurity failures.  At this point, DHS employees whose communications had been covered by the TeleMessage system were again obligated to manually archive their messages in accordance with existing DHS policy.  Despite recent changes in technology, DHS policy and practices for archiving Capstone official records has been consistent with NARA GRS 6.1.

13.     DHS has never had the ability to archive iMessages due to the technical implementation of Apple's encryption technology. Therefore, DHS employees have always been responsible for manually archiving their iMessages. On February 17, 2023, the DHS Chief Information Officer messaged DHS employees indicating that OCIO was disabling Apple's iMessage service on DHS-issued iPhones starting on March 1, 2023. DHS reenabled iMessage on February 20, 2025.

14.     DHS currently has two methods for preserving (or archiving) electronic messages. The first is to have the employee screenshot and archive a copy of the message to their Shared Drive work folders. This process is detailed in EM 210 and the step-by-step guidance described above. The second is for DHS OCIO to deploy a technician to manually

access the device and use forensic tools to archive a copy of the device, including all electronic messages, which can then be searched; this second method is only used for DHS senior officials (e.g., DHS Secretary, DHS Deputy Secretary, etc.).

15. DHS is in the process of developing and exploring new processes and technologies to enable the regular archiving of electronic messages for DHS senior officials and Capstone officials. This includes developing a scalable process to enable regular preservation of DHS employee electronic messages without requiring those employees to manually screenshot and archive each message.

DHS PROCESS FOR ACCESSING ELECTRONIC MESSAGES FOR FOIA REQUESTS

16. Generally, when a FOIA request is received, the DHS Privacy Office (PRIV), which manages the Department's FOIA program, sends a request to OCIO to retrieve potentially responsive records. Also, depending on the request, PRIV may directly task a program office to have the employees within that office conduct manual searches.

17. During the deployment of Telemessage, as part of the request to search, OCIO would retrieve SMS texts, Signal messages, and WhatsApp messages, if requested and responsive to the request. Although these types of text messages are no longer automatically archived by TeleMessage, they are required to be saved within an employee's email as well as on their Shared Drive folders, such that OCIO can conduct a search of the records custodian's emails and Shared Drive using key words and time frames.

18. DHS OCIO's ability to search electronic messages is dependent on the method by which they are archived. In the cases where an employee screenshots and archives a message, the employee will need to identify and provide the FOIA office with the responsive records as the format will not be centrally searchable. However, in cases where OCIO archives

7

the messages from an employee's device using its forensic tools, which is the case with senior officials, then OCIO can search these messages.

19.   In this matter, and other FOIA matters, OCIO reviews any requests it receives from PRIV to search for records responsive to such FOIA requests. DHS is currently in the process of searching for records responsive to the requests that are the subject of this complaint. This includes reaching out directly to custodians to obtain electronic messages. Unfortunately, this effort has been delayed due to the lapse in appropriations.

20.   Finally, in response to Plaintiff's motion, DHS has not yet consulted with each of the custodians named in Plaintiff's multiple FOIA requests to check on the preservation efforts of each such custodian during the current lapse in appropriations. Nevertheless, a litigation hold has been issued that includes each of the named custodians, and DHS has uncovered no evidence that any federal records have been destroyed or that individual employees are not following DHS policies. DHS policies have never authorized employees to destroy records. Although DHS is working to identify new, secure, technical solutions to allow automatic archiving of electronic messages, DHS has always maintained Department-wide policies requiring all federal records to be preserved, including those sent by electronic message. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. Signed this 30th day of October 2025.

_____
Michael Weissman
Chief Data Officer,
Executive Director
Chief Data Officer Directorate
Office of the Chief Information Officer
U.S. Department of Homeland Security