IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:25-cv-03699 (TJK)<br>) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | )<br>)<br>) |
| Defendants. | )<br>) |

**JOINT STATUS REPORT**

In the above-captioned case, Plaintiff American Oversight alleges, *inter alia*, that defendant U.S. Department of Homeland Security ("DHS"), defendant Kristi Noem, in her official capacity as Secretary of Department of Homeland Security, defendant Marco Rubio, in his official capacity as Acting Archivist of the United States, and defendant National Archives and Records Administration ("NARA") (collectively "Defendants") have unlawfully failed to preserve and maintain text messages that are "agency records" responsive to American Oversight's Freedom of Information Act requests, as well as those that may qualify as "records" within the meaning of the Federal Records Act, 44 U.S.C. §§ 3101 *et seq*. Based at least in part on these alleged deficiencies, Plaintiff sought a preliminary injunction and a preservation order from this Court. The parties represent as follows:

1. In conformance with the Court's October 23, 2025 Minute Order and the parties' agreement, and by email dated October 30, 2025, Defendants provided Plaintiff with three declarations, two from DHS and one from NARA addressing the allegations in Plaintiff's preliminary injunction motion. Those declarations, and accompanying

1

exhibits, have been provided previously to Plaintiff and lodged with this Court.

2. Following its review of the materials Defendants provided, Plaintiff, by email dated November 3, 2025, sought additional clarification from Defendants of information contained in their declarations. Plaintiff asked that Defendants provide the requested information via supplemental declaration(s) by November 14, 2025, or, alternatively, that DHS simply supplement its declarations by attesting that the senior DHS officials identified in Plaintiff's FOIA requests have preserved and will continue to preserve all records potentially responsive to the FOIA requests at issue.

3. On November 14, 2025, and in conformance with the previous JSR, Defendants have provided Plaintiff with a supplemental declaration. That declaration is attached. Plaintiff has indicated that it wishes to have Defendant DHS's forthcoming response to defendant NARA's inquiry dated September 3, 2025 before deciding how to proceed. Defendants agree to provide Plaintiff with that response once it is finalized, which Defendants anticipate will happen by December 5, 2025.

4. The parties respectfully propose providing a further joint status report by December 10, 2025, in which the parties can advise the Court whether they believe that it is necessary for the parties to brief Plaintiff's request for a preliminary injunction, and if so, to propose a briefing schedule.

Dated: November 21, 2025	Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director

Federal Programs Branch

*/s/ Lee Reeves*
LEE REEVES
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0773
Facsimile: (202) 616-8460
Lee.Reeves2@usdoj.gov

*Counsel for Defendants*


*/s/ Elizabeth Haddix*
Elizabeth Haddix
D.C. Bar No. 90019750
Jessica Jensen
D.C. Bar No. 1048305
Daniel Martinez
D.C. Bar No. 90025922
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(252) 359-7424
elizabeth.haddix@americanoversight.org
*Counsel for Plaintiff*