IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERICAN OVERSIGHT, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:25-cv-03699 (TJK) |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## JOINT STATUS REPORT

This lawsuit concerns seven Freedom of Information Act ("FOIA") requests that Plaintiff submitted to the U.S. Department of Homeland Security ("DHS") which, in whole or in part, seek text messages and messages from third-party messaging platforms (including Signal) of senior DHS officials during the spring and summer of 2025. DHS initially responded to some of those requests stating that text messages generated after April 9, 2025 were no longer maintained, which prompted Plaintiff to file this action and a motion for preliminary injunctive relief against DHS; Kristi Noem, in her official capacity as Secretary of Department of Homeland Security; Marco Rubio, in his official capacity as Acting Archivist of the United States; and National Archives and Records Administration ("NARA"), alleging, *inter alia*, failures to preserve, maintain and/or search for records as required by the FOIA and/or the Federal Records Act, 44 U.S.C. §§ 3101 *et seq*. ("FRA").

Following submission of declarations from DHS that the response to Plaintiff's FOIA requests was erroneous, that searches for records responsive to Plaintiff's requests were initiated in August and September and, as of early November 2025, had resulted in hundreds of pages of

potentially responsive records, Plaintiff withdrew its motion for preliminary relief. The parties have conferred and further agree as follows:

1. The parties agree to stipulate to dismissal without prejudice of Counts II, III and VI in the Complaint. No claims remain against NARA in this case. DHS and Plaintiff are in discussions about a potential resolution of the remaining FRA claim (Count I) against Defendants Noem and DHS.

2. Plaintiff will file an amended complaint regarding the remaining claims—Count I, pertaining to the adequacy of DHS's recordkeeping policy; and Counts IV and V, regarding DHS's FOIA obligations.

3. In light of the parties' ongoing discussions regarding Count I, the parties have agreed that, with the Court's permission, Defendants need not file a response to the original Complaint. Plaintiff anticipates filing an amended complaint following the conclusion of the parties' discussions regarding a potential resolution to Count I (if such discussions do not lead to a resolation) or by the date of the next JSR, whichever is earlier. Defendants agree to respond to the amended complaint within fourteen (14) days after Plaintiff files it.

4. With respect to the FOIA requests at issue, DHS agrees to process at least 500 pages of potentially responsive records and release to Plaintiff all responsive, non-exempt portions. It will provide to Plaintiff its first production of non-exempt responsive records no later than February 13, 2026, and will make monthly productions subsequently thereafter until all responsive, non-exempt records have been produced to Plaintiff.

5. DHS and Plaintiff respectfully request that they be ordered to file a further Joint

Status Report on or before March 6, 2026.

Dated: January 9, 2026                                      Respectfully submitted,

                                                 BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Director
Federal Programs Branch

*/s/ Lee Reeves*
LEE REEVES
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-0773
Facsimile: (202) 616-8460
Lee.Reeves2@usdoj.gov

*Counsel for Defendants*


*/s/ Elizabeth Haddix*
Elizabeth Haddix
D.C. Bar No. 90019750
Jessica Jensen
D.C. Bar No. 1048305
Daniel Martinez
D.C. Bar No. 90025922
AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(252) 359-7424
elizabeth.haddix@americanoversight.org

*Counsel for Plaintiff*

3